UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAWRENCE FAUNTLEROY,

                                Plaintiff,

        -against-                                        9:20-CV-1205 (LEK/ATB)

JOHN DOE,

                                Defendant.

_____

## DECISION AND ORDER

## I.      INTRODUCTION

        The Clerk has sent to the Court for review a pro se civil rights complaint filed by Plaintiff

Lawrence Fauntleroy pursuant to 42 U.S.C. § 1983, asserting claims arising out of his

confinement at Ulster County Jail ("Ulster C.J."). Dkt. No. 1 ("Complaint"). On March 2, 2020,

Plaintiff filed the Complaint in the United States District Court for the Northern District of

Georgia. Compl. at 1. On September 30, 2020, that court transferred the action to the Northern

District of New York. Dkt. No. 12.

## II.     IFP APPLICATION[1]

        Plaintiff has not paid the statutory filing fee and seeks leave to proceed in forma pauperis.

Dkt. No. 2 ("IFP Application"). "28 U.S.C. § 1915 permits an indigent litigant to commence an

action in a federal court without prepayment of the filing fee that would ordinarily be charged."

---

[1]  On October 1, 2020, this case was administratively closed due to Plaintiff's failure to
properly commence the action. Dkt. No. 14. On October 26, 2020, after Plaintiff provided a
complete Inmate Authorization Form, the case was reopened. Dkt. Nos. 16–17.

Cash v. Bernstein, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2]
"Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing,
he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals
from his inmate accounts." Id. (citing 28 U.S.C. § 1915(b) and Harris v. City of New York, 607
F.3d 18, 21 (2d Cir. 2010)).

Upon review of Plaintiff's IFP Application, the Court finds that he has demonstrated
sufficient economic need. See 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate
authorization form required in this District. See Dkt. No. 16. Accordingly, the Court grants
Plaintiff's IFP Application.

III.    SUFFICIENCY OF THE COMPLAINT

A.  Standard of Review

Having found that Plaintiff meets the financial criteria for commencing this action in
forma pauperis, and because Plaintiff seeks relief from an officer or employee of a governmental
entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in
light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to
proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines
that — . . . (B) the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which

---

[2]  Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a
showing of "imminent danger of serious physical injury," a prisoner has filed three or more
actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon
which relief may be granted. See 28 U.S.C. § 1915(g). The Court has reviewed Plaintiff's
litigation history on the Federal Judiciary's Public Access to Court Electronic Records
("PACER") service. See http://pacer.uspci.uscourts.gov. It does not appear from that review that
Plaintiff had accumulated three strikes for purposes of § 1915(g) as of the date this action was
commenced.

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 166 (2d Cir. 1999) (per curiam) (noting that § 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 provides that a pleading that sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Hudson v. Artuz, No. 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting Powell v. Marine Midland Bank, No. 95-CV-63, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[3]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the court should construe the factual

allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions."

Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Thus, a pleading that contains

only allegations that "are so vague as to fail to give the defendants adequate notice of the claims

against them" is subject to dismissal. Sheehy v. Brown, 335 Fed. App'x 102, 104 (2d Cir. 2009).

### B. Summary of the Complaint

In the Complaint, Plaintiff alleges that he was falsely imprisoned at Ulster C.J. for two

years.[4] Compl. at 3. Plaintiff identified "John Doe, Ulster County, Kingston NY" as the only

defendant. Id. at 1. Plaintiff seeks damages for loss of consortium, loss of personal property, and

mental and emotional suffering. Id. at 4.

### C. Nature of the Action

Plaintiff seeks relief pursuant to § 1983, which establishes a cause of action for "'the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the

---

[4] In the Complaint, Plaintiff states, "I already have a [habeas corpus] case against the
jail." Compl. at 3. In November 2019, Plaintiff filed a petition for writ of habeas corpus in the
Northern District of Georgia. See Fauntleroy v. Doe, No. 19-CV-1535, Dkt. No. 1 (N.D.N.Y.
Nov. 29, 2019). On December 11, 2019, the petition was transferred to the Northern District of
New York. Id., Dkt. No. 2. On December 12, 2019, the matter was administratively closed due to
Plaintiff's failure to properly commence the action. Id., Dkt. No. 4.

United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990); <u>see also</u> <u>Myers v.</u>
<u>Wollowitz</u>, No. 95-CV-272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (finding that §
1983 "is the vehicle by which individuals may seek redress for alleged violations of their
constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a
procedure for redress for the deprivation of rights established elsewhere." <u>Sykes v. James</u>, 13
F.3d 515, 519 (2d Cir. 1993).

The Court will construe the allegations in the Complaint with leniency. <u>See, e.g.</u>, <u>Haines</u>
<u>v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to
less stringent standards than formal pleadings drafted by lawyers.").

## IV.   DISCUSSION

"It is well settled that, in order to establish a defendant's individual liability in a suit
brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in
the alleged constitutional deprivation." <u>Grullon v. City of New Haven</u>, 720 F.3d 133, 138 (2d
Cir. 2013). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of
the defendant and the injuries suffered.'" <u>Austin v. Pappas</u>, No. 04-CV-7263, 2008 WL 857528,
at *2 (S.D.N.Y. Mar. 31, 2008) (quoting <u>Bass v. Jackson</u>, 790 F.2d 260, 263 (2d Cir. 1986))
(other citations omitted).

In New York, the tort of false arrest is synonymous with false imprisonment. <u>Jacques v.</u>
<u>Sears, Roebuck & Co.</u>, 285 N.E.2d 871, 875 (N.Y. 1972); <u>Posr v. Doherty</u>, 944 F.2d 91, 96 (2d
Cir. 1991). A federal claim for false arrest or imprisonment premised on the Fourth Amendment
right to be free from unreasonable seizures is "substantially the same" as a false arrest claim
under New York law, save for §1983's requirement that the constitutional tort be under color of

state law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). To state a claim, a plaintiff must

show that: (1) the defendants intentionally confined the plaintiff; (2) the plaintiff was aware of

the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement

was not justified or privileged. Broughton v. State, 335 N.E.2d 310, 314 (N.Y. 1975).

     The Complaint is devoid of any facts regarding the allegedly unlawful imprisonment. See

generally Compl. Indeed, the Complaint lacks facts related to when Plaintiff was confined at

Ulster C.J. Id. Moreover, although Plaintiff names John Doe as a defendant in the caption and

the list of parties, see id. at 1, the Complaint lacks any substantive allegations related to John

Doe. Absent such facts, the Court is unable to discern whether Plaintiff has stated a plausible

claim. See Cipriani v. Buffardi, No. 06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20,

2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the

complaint fails to indicate what the defendant did to the plaintiff."); see also Casino v. Rohl, No.

14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint because

the plaintiff had not adequately pleaded the defendant's personal involvement in any of the

constitutional deprivations alleged).

     Accordingly, the Complaint is dismissed without prejudice pursuant to §§ 1915(e)(2)(B)

and 1915A(b) for failure to state a claim upon which relief may be granted.

## V.   CONCLUSION

     Accordingly, it is hereby:

     **ORDERED**, that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**[5]; and it is

---

[5] Plaintiff should note that, although the Court has granted his IFP Application, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

further

**ORDERED**, that Clerk provide the superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entirre statutory filing fee of $350.00 pursuant to § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint **within thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED**, that, if Plaintiff files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that, if Plaintiff fails to timely file an amended complaint, the Clerk shall enter judgment indicating that the remainder of this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules, together with a copy of the Complaint.

**IT IS SO ORDERED.**

DATED:      December 11, 2020
                Albany, New York

Lawrence E. Kahn
U.S. District Judge